**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR 17 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| JOHN KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 1:19-mc-00031 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner's *pro se* motion for certificate of appealability relating to denials issued by the District of Columbia Court of Appeals, and his application to proceed *in forma pauperis* ("IFP"). However, this Court lacks subject matter jurisdiction. Therefore, petitioner's IFP application will be granted and his motion and this matter will be dismissed.

Petitioner is a prisoner incarcerated at the U.S. Penitentiary located in Florence, Colorado. He was convicted and sentenced in the Superior Court of the District of Columbia. Petitioner seeks a certificate of appealability from this Court, in order to revisit arguments in support of vacating or setting aside his sentence, or voiding the judgment of the trial court. As a general rule, a federal district court lacks jurisdiction to review or interfere with the decisions of a state court. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

1

Furthermore, unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

Petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief. Thus, this action will be dismissed without prejudice for want of jurisdiction. Petitioner has also filed a motion to appoint counsel, which will be denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: April /10/, 2019

United States District Judge